**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR  97113
Telephone: (503) 730-1706
Facsimile: (503) 946-3089

**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR  97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WENDY OCHOA**, an individual, | Case No.: |
| Plaintiff, | |
| | COMPLAINT |
| v. | |
| **CHEPE'S RESTAURANT**, **LLC**, an Oregon limited liability company, and **JOSE F. CARDOZA**, an individual, | Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.), Oregon Wage and Hour Laws |
| Defendants. | |
| | DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.     Wendy Ochoa ("Plaintiff") brings this action against Chepe's Restaurant, LLC, an

COMPLAINT – 1

Oregon limited liability company, and Jose F. Cardoza (collectively, "Defendants") under the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq., "FLSA") to collect unpaid wages. Plaintiff seeks overtime and minimum wages due to her under 29 U.S.C. §§ 206, 207, and liquidated damages and attorney fees under 29 U.S.C. § 216(b).

2. Plaintiff also seeks unpaid wages, penalty damages, and attorney fees for violations of Oregon wage and hour law under O.R.S. §§ 652.140, 652.150, 652.200, 653.025, 653.055, and 653.261.

## II. JURISDICTION

3. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the FLSA, 29 U.S.C. §§ 201, et seq.; 28 U.S.C. § 1331, as this action arises under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

5. Plaintiff Wendy Ochoa ("Plaintiff") is a natural person who was employed to perform labor at Chepe's Restaurant, LLC, in Portland, Oregon in Multnomah County.

6. At all times relevant to this action, Defendant Chepe's Restaurant, LLC, ("Defendant Chepe") was an Oregon limited liability company operating a restaurant business out of a fixed-location restaurant, "Chepe's Pupuseria y Taqueria," and a food cart, "La Cocina de Chepe." Its principal place of business is in Multnomah County, Oregon.

7. At all times relevant to this action, Defendant Jose Cardoza ("Defendant Cardoza"), an individual and resident of Multnomah County, was a member of Chepe's Restaurant, LLC, in Portland, Oregon, in Multnomah County, and managed both the restaurant and food cart locations.

## IV. FACTS

8. Defendants employed Plaintiff from on or about July 8, 2016, to on or about October 29, 2017.

9. Defendants employed Plaintiff to work at the restaurant and food cart locations (collectively, the "Restaurant.")

10. Defendants employed Plaintiff to cook, wash dishes, serve customers, and clean the Restaurant.

11. During the course of Plaintiff's employment at the Restaurant, Defendants supervised and assigned tasks to Plaintiff and otherwise exercised control over the Plaintiff's work.

12. During the course of Plaintiff's employment at the Restaurant, Defendants determined the rate and method of paying Plaintiff and otherwise exercised control over Plaintiff's employment conditions.

13. During the course of Plaintiff's employment at the Restaurant, Defendant Cardoza acted directly and indirectly in the interest of Defendant Chepe's Restaurant, in relation to Plaintiff, including by assigning and supervising Plaintiff's work and determining Plaintiff's pay rate and method.

14. During each workweek of Plaintiff's employment at the Restaurant, Plaintiff was employed by an enterprise engaged in interstate commerce.

15. Defendants employed employees who prepared food comprised of goods that were moved in interstate commerce, served customers who traveled in interstate commerce, and processed credit card transactions.

16. Plaintiff handled, cooked, and served goods that moved in interstate commerce and processed credit card transactions.

17. Plaintiff was engaged in interstate commerce.

18. Plaintiff regularly worked seven days a week for Defendants.

19. Plaintiff regularly worked from 9 am to 11 pm.

20. Plaintiff regularly worked in excess of 40 hours per week for Defendants.

21. Among other weeks, Plaintiff worked approximately 98 hours during the week of October 2, 2017, to October 8, 2017, for which she was paid approximately $700 in wages.

22. Among other weeks, Plaintiff worked more than 40 hours during the week of October 2, 2017, to October 8, 2017, but did not receive any premium pay for hours worked over 40.

23. Defendants regularly paid Plaintiff less than the federal and Oregon minimum wage for all hours worked for Defendants.

24. Defendants regularly failed to compensate Plaintiff at a rate of time and one half the regular rate of pay for all hours worked over 40 during the workweek.

25. Defendants knew of or recklessly disregarded their obligation to pay minimum and overtime wages under Federal and state law.

26. Plaintiff's employment with Defendants terminated on or around October 29, 2017.

26. Defendants did not pay Plaintiff her wages upon termination.

COMPLAINT – 4

27. Defendants' nonpayment of wages upon termination was willful.

28. Plaintiff, through her attorney, sent each Defendant a letter on June 11, 2018, complaining of violations of state and federal wage and hour law and requesting payment of the wages Plaintiff was due.

29. Defendants received Plaintiff's letters on or around June 13, 2018.

30. To date, Defendants have failed to pay Plaintiff all her wages.

## V. CLAIMS FOR RELIEF

### (First Claim – Violation of FLSA)

31. Defendants violated 29 U.S.C. § 206 when they failed to pay Plaintiffs the minimum wage rate for all the hours worked.

32. Defendants violated 29 U.S.C. § 207 when they failed to pay Plaintiffs overtime wages for work performed for Defendants in excess of forty hours per work week.

33. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorney fees and costs.

### (Second Claim – Violation of Oregon Minimum Wage and Overtime Law)

34. Defendants failed to pay Plaintiff at the Oregon minimum hourly rate for hours worked in violation of O.R.S. § 653.025(2)(b).

35. Defendants violated O.R.S. § 653.261 and its implementing regulations when they failed to pay Plaintiff overtime wages at a rate of time and one half her hourly wage rate for all hours worked for Defendants in excess of forty hours per work week.

36. Plaintiff is entitled, under O.R.S. § 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times her hourly rate, and reasonable attorney fees and costs for non-payment of minimum and overtime wages.

**(Third Claim – Violation of Oregon Timely Payment of Wages Law)**

37. Defendants failed to pay Plaintiff all of her wages when due upon termination of her employment within the time specified in O.R.S. § 652.140.

38. Defendant's failure to pay Plaintiff all of her wages upon termination of employment was willful.

39. Plaintiff is entitled, under O.R.S. § 652.150, to recover penalty damages in an amount equal to 240 times her hourly rate, plus reasonable attorney fees and costs, for Defendants' failure to pay Plaintiff's wages upon termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Award Plaintiff her unpaid minimum wages pursuant to 29 U.S.C § 206 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2. Award Plaintiff her unpaid overtime wages pursuant to 29 U.S.C. § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

3. Award Plaintiff her unpaid minimum wages pursuant to O.R.S. §§ 653.025 and 653.055;

4. Award Plaintiff her unpaid overtime wages pursuant to O.R.S. § 653.261, OAR 839-020-0030 and O.R.S. § 653.055;

5. Award Plaintiff penalty wages in the amount of 240 times Plaintiff's hourly wage pursuant to O.R.S. § 653.055, for failure to pay state minimum and overtime wages;

6. Award Plaintiff civil penalties in the amount of 240 times Plaintiff's hourly wage pursuant to O.R.S. § 652.150, for failure to pay Plaintiff's wages promptly upon termination;

7. Find that Plaintiff is the prevailing party and award Plaintiff reasonable attorney

fees and costs under 29 U.S.C. § 216(b) and ORS §§ 653.055, and 652.200;

        8.      Award Plaintiff pre-judgment interest on sums due under the state law claims and post-judgment interest on all claims; and

        9.      Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 10th day of July, 2018.

                                  s/ *D. Michael Dale*
                                **D. Michael Dale**, OSB #771507
                                (503) 730-1706
                                Attorney for Plaintiff

COMPLAINT – 7